**IN THE COURT OF APPEALS OF IOWA**

No. 16-0986
Filed August 17, 2016

**IN THE INTEREST OF D.D.,**
**Minor Child,**

**R.D., Father,**
        Appellant,

**C.T., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Audubon County, Amy L.

Zacharias, District Associate Judge.


        A father and mother appeal separately from the order terminating their

parental rights. **AFFIRMED ON BOTH APPEALS.**



        Jonathan J. Mailander of Mailander Law, Atlantic, for appellant father.

        Andrew J. Knuth of Knuth Law Office, Atlantic, for appellant mother.

        Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant

Attorney General, for appellee State.

        Karen K. Peters of Karen K. Emerson Peters Law Office, Atlantic, for

minor child.



        Considered by Danilson, C.J., and Mullins and Bower, JJ.

**DANILSON, Chief Judge.**

A mother and father separately appeal the termination of their parental rights to their child, D.D., born in July 2015. The mother asserts the grounds for termination have not been proved by clear and convincing evidence. In addition to the same claim made by the mother, the father contends termination is not in the child's best interest, the department of human services (DHS) has not offered sufficient reunification services, and the bond between father and child should preclude termination.

We review termination proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

The child was removed from the parents' care when umbilical-cord-blood testing indicated the presence of methamphetamine. The child was adjudicated a child in need of assistance (CINA) on August 23, 2015. After more than eight months of services being offered, on May 6, 2016, a hearing was held for permanency review and to consider petitions to terminate the parents' rights to the child. The juvenile court terminated each parent's parental rights pursuant to Iowa Code section 232.116(1)(h) (2015), finding neither parent had successfully completed court-ordered services, "including but not limited to substance abuse treatment and mental health treatment,[1] and neither parent has progressed to unsupervised interactions with the child which would provide DHS with an opportunity to assess the parents' ability to safely parent the children."

---

[1] The father's assertion that he attempted to complete every service that was required of him is belied by the record; we need not outline every instance of the father's refusal to participate in services or failure to visit his child here.

Section 232.116(1)(h) allows termination where a child under the age of three who has been adjudicated CINA and has been out of parental custody for at least the last six consecutive months cannot be returned to the parent at present. There is clear and convincing evidence to support termination under section 232.116(1)(h).

At the time of the termination hearing, the child was about nine months old and had been out of the parents' custody for all but about three days. The child was adjudicated CINA due to the presence of drugs in the child's system and the parents' positive testing for illegal substances. The parents had not successfully completed drug treatment, had recently tested positive for illegal substances or failed to test, and had infrequently visited the child. The mother asserts she can complete drug treatment in the future. We encourage her to do so for the sake of her unborn child. However, D.D. cannot wait any longer for the parents to provide safe, stable parenting. *See A.M.*, 843 N.W.2d at 112 ("'It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child.'" (quoting *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010)).

The father complains that DHS did not make reasonable efforts to reunify the parents with the child. He also complains that DHS prohibited them from completing court-ordered services. In October 2015, the court ordered the parents to participate in a parenting evaluation. The parents did not present themselves for an evaluation until April 2016, less than a month before the scheduled termination hearing. Because the evaluation could not be completed

before the termination hearing, DHS did not authorize the late evaluation. Such eleventh-hour efforts by the father came too late. *See In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) (noting "[o]nce the limitation period lapses, termination proceedings must be viewed with a sense of urgency" and the parent's efforts came too late). The parents were offered many services throughout these juvenile proceedings and refused to participate or did not take full advantage. DHS made reasonable efforts to reunify the parents and child.

Section 232.116(3)(c) allows the juvenile court not to terminate when "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." The father's claim of a close bond between parent and child is not supported by this record. The father attended no visits in December 2015 and attended three visits in January 2016. Between February 7 and April 3, the father did not attend any visits with the child. The father did visit three times in April 2016. Such minimal contact between a parent and an infant is unlikely to have produced the close bond the father attests. In any event, "[t]he factors weighing against termination in section 232.116(3) are permissive, not mandatory," and the court may use its discretion, "based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship." *In re D.S.*, 806 N.W.2d 458, 474-75 (Iowa Ct. App. 2011). We conclude section 232.116(3)(c) does not preclude termination here.

This child is doing well in the placement home and deserves permanency. It is in the child's best interest for the parents' rights to be terminated and we therefore affirm on both appeals.

**AFFIRMED ON BOTH APPEALS.**